# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

In Re: )
**Kenny Dee Fogleman** )  Case No. _____
**1263 Ernest Brown Rd** )  Chapter **13**
**Lillington, NC 27546** )
)
)
)
)
)
)
)
SS# **xxx-xx-5923** )
SS# _____ )
Debtor(s) )

## NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on **November 21, 2012**.

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include a proof of claim form.

A creditor must timely file a proof of claim with the Trustee in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the proof of claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

# CHAPTER 13 PLAN SUMMARY

The Debtor proposes an initial plan, which is subject to modification, as follows:

**I. Plan Payments**

The plan proposes a payment of **$558.00** per month for a period of **36** months. The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.

**II. Administrative Costs**

  1. **Attorney fees.**

  ☒ The attorney for the Debtor will be paid the base fee of $3,500.00. The Attorney has received $**0.00** from the Debtor pre-petition and the remainder of the base fee will be paid monthly by the Trustee as funds are available, after scheduled monthly payments to holders of domestic support obligations and allowed secured claims.

  ☐ The Attorney for the Debtor will file application for approval of a fee in lieu of the presumptive fee.

  2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses

**III. Priority Claims**

All pre-petition claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments unless otherwise indicated.

  1. **Domestic Support Obligations ("DSO")**

  a. ☒ None

  b. The name, address, and phone number, including area code, of the holder of any DSO as defined in § 101(14A) is as follows:

| Name of DSO Claimant | Address, city, state & zip code | Telephone Number |
|---|---|---|
| | | |

  c. All **post-petition** DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

  d. Arrearages owed to DSO claimants under 11 U.S.C.§ 507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Estimated Arrearage Claim | Monthly Payment |
|---|---|---|
| | | |

  2. **Other priority claims to be paid by Trustee**

| Creditor | Estimated Priority Claim |
|---|---|
| **Harnett County Tax Office** | $0.00 |
| **Internal Revenue Service** | $0.00 |
| **NC Department of Revenue** | $0.00 |

**IV.** **Secured Claims**

1. **Real Property Secured Claims**

   a. ☐ None

   b. All payments on any claim secured by real property will be paid by the Trustee unless the account is current, in which case the Debtor may elect to continue making mortgage payments directly. Arrearage claims will be paid by the Trustee as separate secured claims over the term of the plan, without interest.

| Creditor | Property Address | Residence or Non-residence R/NR | Current Y/N | Monthly Payment | Arrearage Amount | If Current Indicate Payment by Debtor (D) or Trustee (T) |
|---|---|---|---|---|---|---|
| **Gmac Mortgage** | **HOME+ LAND 1263 ERNEST BROWN RD LILLINGTON, NC 27546 RESIDENCE** | **R** | **N** | **$324.92** | **$324.92** | **T** |

2. **Personal Property Secured Claims**

   a. ☒ None

   b. Claims secured by personal property will be paid by the Trustee as follows:

| Creditor | Collateral | Secured Amount | Purchase Money Y/N | Under-secured Amount | Pre-confirmation adequate protection payment per § 1326(a)(1) | Post-confirmation Equal Monthly Amount (EMA) | Proposed Interest Rate |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

The Trustee will disburse pre-confirmation adequate protection payments to secured creditors holding allowed purchase money secured claims. Claims having a collateral value of less than $2,000.00 will not receive adequate protection payments.

*To the extent that the valuation provisions of 11 U.S.C. § 506 do not apply to any of the claims listed above, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. § 1325(a)(5)(A).*

3. **Collateral to be Released**

The Debtor proposes to release the following collateral:

| Creditor | Collateral to be Released |
|---|---|
| **-NONE-** |  |

4. **Liens to be Avoided**

The Debtor pursuant to 11 U.S.C. § 522 proposes to avoid the following liens on property to the extent that such liens impair the Debtor's exemption:

| Lien Creditor | Property |
|---|---|
| **-NONE-** |  |

**V.    Co-Debtor Claims**

The Debtor proposes to separately classify for payment in full the following claims for consumer debts on which an individual is liable with the Debtor:

| Creditor | Co-Debtor | Interest Rate | Monthly Payment |
|---|---|---|---|
| **-NONE-** | | | |

**VI.    General Unsecured Claims Not Separately Classified**

General unsecured claims will be paid on a pro-rata basis, with payments to commence after priority unsecured claims are paid in full. The estimated dividend to general unsecured claims is __4__ %.

**VII.    Executory Contracts/Leases**

a.    ☒ None

b.    The following executory contracts and/or leases will be rejected:

| Creditor | Nature of lease or contract |
|---|---|
| | |

c.    The following executory contracts and/or leases will be assumed. The Debtor will pay directly all lease payments which come due from the petition filing date until confirmation of the plan. Upon confirmation, payments will be paid as follows:

| Creditor | Nature of Lease or Contract | Monthly payment | Monthly payment paid by Debtor (D) or Trustee (T) | Arrearage Amount | Arrearage paid by Debtor (D) or Trustee (T) | Arrearage monthly payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

**VIII.    Special Provisions**

a.    ☐ None

b.    Other classes of unsecured claims and treatment

c.  Other Special Terms

**Payment listed estimates the percentage pay-out to unsecured creditors based on a computation of disposable income under B22c or liquidation of non-exempt value of property of the debtor(s). The proposed payment to unsecured is limited to pay only enough on allowed unsecured claims to meet these tests.**

**Regarding any vehicle debt, if it is found to be a 910 claim, it is to be paid as a fully secured claim.**

**In accordance with the court ruling in In re Tracy Leigh Ediger, Case No. 0820207, the debtor proposes to classify the debt obligations incurred on behalf of student loans and also known as a nondischargeable debt pursuant to 11 USC 523(a)(8), as a special class debt to be paid available funds, after payment of administrative, secured, priority, arrearage, and pay-through-plan claims. Creditors holding claims that are student loans and also known as a nondischargeable under 11 USC 523 (a)(8) shall apply all payments received from Debtor or Trustee during duration of the plan to principal only due and owing in compliance with 11 USC 1322(b)(10). Under no circumstances shall interest, expenses, fees or any administrative claims be paid with funds from the Debtor or Trustee during duration of the plan.**

| | |
|---|---|
| Date: **November 21, 2012** | /s/ **A.B. Harrington, III 1913** |
| | **A.B. Harrington, III 1913** |
| | Attorney for the Debtor |
| | Address: **Post Office Box 1072** |
| | **311 North Horner Boulevard** |
| | **Sanford, NC 27331-1072** |
| | Telephone: **(919) 775-3447** |
| | State Bar No. **1913** |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
|    **Kenny Dee Fogleman** | ) | **NOTICE TO CREDITORS** |
| | ) | **AND** |
| | ) | **PROPOSED PLAN** |
| SS#  **xxx-xx-5923** | ) | |
| SS# | ) | Case No. _____ |
|         Debtor(s) | ) | |

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**

**Richard M. Hutson, II**
**Chapter 13 Trustee**
**Durham Division**
**Post Office Box 3613**
**Durham, NC 27702-3613**

**Amerifinancial Solutio**
**Po Box 602570**
**Charlotte, NC 28260**

**Bullcity Financial Sol**
**1107 W Main St Ste 201**
**Durham, NC 27701**

**Cap One**
**Po Box 5253**
**Carol Stream, IL 60197**

**Capital One, N.a.**
**Capital One Bank (USA) N.A.**
**Po Box 30285**
**Salt Lake City, UT 84130**

**Central Carolina Hospital**
**PO BOX 740778**
**Atlanta, GA 30374-0778**

**Central Emergency Physicians**
**PO Box 281161**
**Atlanta, GA 30384-1161**

**Central Finl Control**
**Po Box 66051**
**Anaheim, CA 92816**

**Chase**
**Po Box 15298**
**Wilmington, DE 19850**

**Citibank Usa**
**Citicorp Credit Services/Attn: Centraliz**
**Po Box 20363**
**Kansas City, MO 64195**

**Credit Bureau**
**Attn: Managing Agent**
**Post Office Box 26140**
**Greensboro, NC 27402**

**Dell Financial Services**
**1 Dell Way**
**Round Rock, TX 78682**

**Enhanced Recovery Corp**
**Attention: Client Services**
**8014 Bayberry Rd**
**Jacksonville, FL 32256**

**Ford Cred**
**Ford Credit**
**Po Box 6275**
**Deerborn, MI 48121**

**Gecrb/ktm**
**C/o P.o. Box 965036**
**Orlando, FL 32896**

**Gmac Mortgage**
**Po Box 4622**
**Waterloo, IA 50704**

**Harnett County Tax Office**
**Attn:Wanda Spivey,  Collections**
**305 W. Cornelius Harnett Blvd., Suite 10**
**Lillington, NC 27546**

**Reginald S. Hinton**
**Process Agent for NC Depart. of Revenue**
**Post Office Box 2500**
**Raleigh, NC 27640-5000**

**Hsbc/ymaha**
**Attn: Bankruptcy**
**Po Box 5263**
**Carol Stream, IL 60197**

**Hyundai Finc**
**Attn: Bankruptcy**
**Pob 20809**
**Fountain Valley, CA 92708**

**Internal Revenue Service**
**Attn:  Special Procedures Staff**
**Po Box 7346**
**Philadelphia, PA 19101-7346**

**Lowes / MBGA / GEMB**
**Attention:  Bankruptcy Department**
**Po Box 103104**
**Roswell, GA 30076**

**Merrick Bk**
**Attn: Bankruptcy**
**P.O. Box 9201**
**Old Bethpage, NY 11804**

**Mid-Carolina Radiology**
**Attn: Managing Agent**
**P.O. Box   120590**
**Newport News, VA 23612**

**NC Department of Revenue**
**Office Services Division**
**Bankruptcy Unit**
**P.O. Box 1168**
**Raleigh, NC 27602-1168**

**NC Employment Security Commission**
**P.O. Box 26504**

**Raleigh, NC 27611**

**Online Collections**
**Attn: Tracy**
**Po Box 1489**
**Winterville, NC 28590**

**PNC Bank**
**PO BOX 856177**
**Louisville, KY 40285**

**Pnc Bank, N.a.**
**1 Financial Pkwy**
**Kalamazoo, MI 49009**

**Rbc Bank Usa**

**S L M Financial Corp/Sallie Mae**
**Sallie Mae**
**Po Box 9500**
**Wilkes-Barre, PA 18773**

**UNC Hospital**
**Attn: Managing Agent**
**Patient Account Services/Bky Coordinator**
**211 Friday Center Drive**
**Chapel Hill, NC 27517**

**UNC Physicians & Associates**
**Attn: Bankrutpcy Coordinator**
**Post Office Box 168**
**Chapel Hill, NC 27514**

**US Attorney's Office**
**Middle District**
**P.O. Box 1858**
**Greensboro, NC 27402-1858**

Date:  **November 21, 2012**          /s/ **A.B. Harrington, III 1913**
                                       **A.B. Harrington, III 1913**